IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **John Moglia, # 68659-053,** | ) | Case No. 2:18-cv-148-TMC-MGB |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Bonita S. Moseley,** *Warden*, | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

John Moglia ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging an administrative disciplinary action he received while incarcerated at the Federal Correctional Institution ("FCI") Williamburg located in Salters, South Carolina. (Dkt. No. 1.) Respondent filed a Motion to Dismiss (Dkt. No. 11), and Petitioner responded on April 9, 2018. (Dkt. No. 15.) Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and submit findings and recommendations to the United States District Judge. The undersigned recommends that Respondent's Motion to Dismiss be granted.

## BACKGROUND

On January 22, 2017, while incarcerated at FCI Williamsburg, Petitioner allegedly made a telephone call from a cell phone that was discovered in a prison cell on February 16, 2017. According to the Incident Report (the "Report") completed on April 4, 2017, the outgoing call made from the recovered cell phone on January 22, 2017 was placed to a telephone number related to Petitioner. (Dkt. No. 11-3 ¶ 11.) Specifically, the Report detailed that Petitioner "is the only inmate in the Federal Bureau of Prisons with [this telephone number] on his list." (*Id*.) The

1

Report further noted that the specific telephone number "is listed as 'Friend' as relation to [Petitioner's] account" and that Petitioner "has had this number on his approved phone list at five other institutions." (*Id.*)

On April 4, 2017, Petitioner was administratively charged with the prohibited act of Possession of a Hazardous Tool; or those hazardous to institutional security or personal safety (cell phone) in violation of Code 108. (*Id.* ¶¶ 9, 10.) The incident report was delivered to Petitioner on the same day. (*Id.* ¶¶ 15, 16.) On April 5, 2017, a Unit Discipline Committee ("UDC") hearing was conducted, at which time Petitioner was afforded an opportunity to make a statement and supply evidence on his behalf. (*Id*. ¶¶ 21, 23–25.) The UDC found that Petitioner had committed the prohibited act and referred the charge to the Inmate Discipline Hearing Officer ("DHO") for further consideration. (*Id*. ¶¶ 26, 27.)

On April 5, 2017, Petitioner received a copy of Notice of Discipline Hearing Before the DHO and Inmate Rights at Discipline Hearing. (Dkt. Nos. 11-4; 11-5.) On the same day, Petitioner exercised his right to use a staff representative and requested staff representative, Counselor Foley. (Dkt. No. 11-4.) He also exercised his right to call witnesses and elected to call one inmate witness. (*Id.*)

On May 2, 2017, Petitioner received a discipline hearing before the DHO. (Dkt. No. 1-1 at 2.) During this hearing, Petitioner was afforded the opportunity to make a statement, have a staff representative, provide evidence on his behalf, have witnesses appear, or present written statements of unavailable witnesses. (*Id.*) Petitioner elected to have staff representative, Counselor Foley, at the hearing. (*Id.*) The DHO Report notes that Petitioner asked Counselor Foley "to explain the DHO process and to mitigate the outcome." (*Id.*) Petitioner also requested an inmate witness who, at the time of the DHO hearing, was no longer at FCI Williamsburg. (*Id.*

2

at 2–3.) The inmate witness provided a written statement, which stated that "he shared numbers with [Petitioner] to keep in touch when he leaves. . . . he may have called his numbers and [Petitioner] never used his cell phone." (*Id.* at 2) Petitioner also made the following statement, "I gave [inmate witness] that number to use. I never made a call to that number on a cell phone." (*Id.* at 2.) After consideration of all the evidence, the DHO found that Petitioner had committed the prohibited act of Code 108 as charged:

> The DHO considered your statements and defense. The DHO concludes; Other than your testimony stating that you did not place a call from a cell phone, and [inmate witness's] written statement which states that he did not allow you to use his phone, you provided the DHO with no evidence to support that you did not place a call utilizing a cell phone. [Inmate witness] was already charged with possession of a cell phone, he has nothing to lose by accepting responsibility for the act. Furthermore, [inmate witness] provided a list of phone numbers which he stated he may have shared with you. The [specific phone number at issue] is not included within the list [inmate witness] provided. You are the only inmate in the entire BOP with the [specific phone number at issue] on an approved phone list. Therefore, through link analysis you are identified as the only inmate that would have placed a call to that phone number utilizing a cell phone.

(*Id.* at 3.) The DHO outlined the sanctions to be imposed and the reasons for the sanctions imposed. (*Id.* at 3–4.)

On August 11, 2017, Petitioner appealed the DHO's finding to the Southeast Regional Director, claiming that he had not committed the prohibited act, there was insufficient evidence to support the charge, and requesting that the sanctions be vacated. (*Id.* at 5.) On September 14, 2017, the Regional Director upheld the DHO's finding. (*Id.* at 6.) The Regional Director found that the disciplinary procedures were substantially followed, the evidence supported the DHO's finding, and the sanctions were appropriate for the offense. (*Id.*)

On September 28, 2017, Petitioner appealed the DHO's finding to the National Inmate Appeals Administrator, claiming that his procedural due process rights had been violated, and requesting expungement of the incident report, and restoration of his privileges and good time

3

credits. (*Id.* at 8.) On November 14, 2017, the National Inmate Appeals Administrator upheld the DHO's finding. (*Id.* at 9.) The Administrator found that the required disciplinary procedures were substantially followed, Petitioner's due process rights were upheld during the discipline process, the greater weight of the evidence supported the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy. (*Id.*)

On January 16, 2018, Petitioner filed the instant § 2241 petition. (Dkt. No. 1.) On March 28, 2018, Respondent filed a Motion to Dismiss, with attached exhibits. (Dkt. No. 11.) By order of this Court filed on March 30, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the possible consequences if he failed to respond adequately to the motion for summary judgment. (Dkt. No. 13.) On April 9, 2018, Petitioner filed his response in opposition to Respondent's motion. (Dkt. No. 15.)

## STANDARDS

As matters outside the pleadings have been considered by this court, Respondent's motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . ."). Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of

material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.

In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see*, *e.g.*, *Cruz v. Beto*, 405 U.S. 319, 321, 92 S. Ct. 1079, 1080, 31 L. Ed. 2d 263 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Respondent argues that the § 2241 petition should be dismissed because Petitioner cannot establish that his due process rights were violated during the disciplinary hearing at issue or through the decision rendered by the DHO.[1] (Dkt. No. 11.) In response, Petitioner claims that his petition should survive dismissal because there was insufficient evidence to support the DHO's findings. (Dkt. No. 15.)

---

[1] Respondent concedes that Petitioner exhausted his available administrative remedies with respect to his disciplinary action (Dkt. No. 11 at 4.) Accordingly, the undersigned will consider this claim on the merits.

5

### A. Due Process in Prison Disciplinary Proceedings

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Constitutional Amendment XIV § 1. In *Wolff v. McDonnell*, the Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest, such as the good conduct time the petitioner lost in this case, is affected. 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Supreme Court has outlined the due process protections inmates are entitled to in regards to prison disciplinary proceedings where the inmate's liberty interest is at stake. Due process is satisfied in prison discipline hearings when the inmate receives a finding from an impartial decisionmaker and 24 hours advance written notice of the charges; an opportunity to appear at the hearing; a conditional opportunity to present documentary evidence and testimony from witnesses; and a written statement of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564–66; *Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990). The BOP's rules embodying disciplinary procedures are codified at 28 C.F.R. §§ 541.1 et seq. These rules and regulations were written so as to comply with the constitutional requirements of due process in prison discipline matters.

The record of Petitioner's hearing reflects that the BOP complied with the requirements of *Wolff*. *See Wolff*, 418 U.S. at 564–66. Petitioner was given advance written notice of the charges more than 24 hours before the DHO hearing. Petitioner was offered the opportunity to present evidence in the form of documents or witnesses and to have the assistance of a staff representative—Petitioner exercised those rights at the hearing. He also made a statement denying that he made a call on the recovered cell phone. The record of the hearing further

6

reflects the decision of the DHO, the evidence relied upon, and the reasons for the decisions and the sanctions imposed. (Dkt. No. 1-1 at 2–4.)

### B. Sufficiency of Evidence in Prison Disciplinary Proceedings

Having found that Petitioner was afforded all of the procedural due process protections required by *Wolff*, the undersigned turns to the sufficiency of the evidence relied upon by the DHO in rendering his decision. In *Superintendent, Massachusetts Correctional Institution v. Hill*, the Supreme Court set out the constitutional evidentiary standard to be used when courts review prison discipline decisions. 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The *Hill* court held that due process is satisfied if there is "some" evidence to show that the inmate committed the offense. *Id.* at 455. The Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 456.

"The 'some evidence' standard is a lenient one, requiring no more than 'a modicum of evidence,' and is met if there is any evidence in the record that could support the board's decision." *Taylor v. Bauknecht*, No. 6:06-2268-DCN, 2007 WL 2021880 at *4 (D.S.C. July 6, 2007) (quoting *Hill*, 472 U.S. at 455–56). The "some evidence" standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record. *Hill*, 472 U.S. at 457. In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary

7

board's decision to revoke good time credits has some factual basis." *Id.* at 455–56; *see also Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir. 1990). "This standard requires 'only that the decision not be arbitrary or without support in the record.'" *Taylor*, 2007 WL 2021880 at *4 (quoting *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)).

In his response brief, Petitioner acknowledges the *Hill* opinion. (Dkt. No. 15 at 3.) He argues that the DHO's decision has failed to meet the "some evidence" standard based on the "the fact that [Petitioner] has always maintained that he was never in possession of a cell phone and did not use it, combined with the fact that not one iota of 'some evidence' to the contrary has ever been presented." (Dkt. No. 15 at 3–4.)

Upon review, the undersigned finds that the records of the disciplinary action establish that there was "some evidence" to support the DHO's decision. *Hill*, 472 U.S. at 455–56. The DHO expressly considered the evidence offered by Petitioner; specifically, Petitioner's statement and the inmate witness's written statement. (Dkt. No. 1-1 at 3.) The DHO also considered the specific evidence linking Petitioner to the telephone number at issue and noted that the telephone number was not among those listed by the inmate witness as numbers he potentially shared with Petitioner. (*Id.*) After engaging in a detailed analysis of the available evidence, the DHO concluded, "through link analysis you [Petitioner] are identified as the only inmate that would have placed a call to that phone number utilizing a cell phone." (*Id.*) Based on the foregoing, the undersigned finds that there is "some evidence" to support the DHO's decision, and the decision should be upheld. *Hill*, 472 U.S. at 455–56.

In sum, Petitioner's constitutional rights were not violated because he received all the process due him under the standards established in *Wolff*, 418 U.S. at 564–66, and *Hill*, 472 U.S. at 455–56. Therefore, it is recommended that the DHO's decision be upheld.

## **CONCLUSION**

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Motion to Dismiss (Dkt. No. 11) be **GRANTED.**

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 4, 2018
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).